81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
Alice SANDERS; James Sanders, Plaintiffs-Appellants,
v.
Nancy DORRIS; Century 21 Real Estate, Robertson County;
Chandler Sales, Defendants-Appellees.
 No. 95-5771.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1996.
 
 1
 Before: MARTIN and MOORE, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Plaintiffs, Alice and James Sanders, appeal a district court's finding that the defendants were guilty of racial discrimination in housing in violation of 42 U.S.C. §§ 1981 and 1982, and the Fair Housing Act (FHA) of 1968, 42 U.S.C. §§ 3604, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is the second time that this case has come before this court. On the first appeal, the plaintiffs challenged the district court's finding that the defendants were not guilty of racial discrimination in violation of 42 U.S.C. §§ 1981 and 1982, and the FHA. The background of this case was summarized in the first appeal, see Sanders v. Dorris, 873 F.2d 938 (6th Cir.1989), and will not be repeated here. This court held that the district court erred in finding that there was no evidence of racial identification and held that defendant Dorris knew, or at least suspected, that the plaintiffs were black. This court remanded the case to the district court and the district court was instructed to "make a final evidentiary ruling concerning the admissibility of [witness] Wallace's testimony," Id. at 943, and, "In addition, we instruct the court to provide more explicit factual findings explaining which evidence it accepts and which evidence it specifically rejects." Id. The district court was further instructed to reconsider the issue of racial steering in light of the Sixth Circuit definition of racial steering in Heights Community Congress v. Hilltop Realty Inc., 774 F.2d 135 (6th Cir.1985). Id. at 944. Finally, the district court was instructed on remand to reconsider the evidence concerning defendant Chandler's participation in, or knowledge of, racial steering practices at Century 21. Id.
 
 
 4
 The district court heard oral argument on remand. On April 28, 1995, the district court entered a memorandum opinion and order holding that defendant Dorris discriminated against the Sanders because of their race; that the testimony of Investigator Wallace of the Tennessee Human Rights Commission was inadmissible hearsay; and that the defendants were guilty of racial steering in violation of 42 U.S.C. § 3604. Further, although no actual damages were shown, the district court awarded the plaintiffs compensatory damages in the amount of $5,000 against the defendants, jointly and severally. In addition, the court awarded the plaintiffs punitive damages in the amount of $7,500 against defendant Dorris, and in the amount of $7,500 against defendant Chandler Sales, Inc.
 
 
 5
 On May 26, 1995, the plaintiffs filed their notice of appeal. The plaintiffs' brief on appeal is construed as raising the following issues: 1) the district court erred in excluding the testimony of Investigator Wallace of the Tennessee Human Rights Commission; 2) the district court erred in its award of compensatory and punitive damages to remedy the discrimination which it found had been practiced against the plaintiffs; and 3) the district court-erred in denying injunctive relief.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in rejecting the testimony of Investigator Wallace. See Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1575 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). The plaintiffs sought to admit the statement for the truth of the matter asserted under two exceptions to the hearsay rule: Fed.R.Evid. 803(24) and 803(8). Fed.R.Evid. 803(24) requires pretrial notice of a party's intention to offer a hearsay statement which was not given in this case. Fed.R.Evid. 803(8) relates to a government record or report. Investigator Wallace did not offer either a record or a report. She testified as to her memory of a statement allegedly made by Ms. O'Sailes which O'Sailes refused to include in an affidavit, and specifically repudiated at trial. In any event, the rejection of the proffered testimony did not affect the district court's findings of intentional discrimination. The plaintiffs' argument is, therefore, without merit.
 
 
 7
 Upon further review, we conclude that the award of $5,000 in compensatory damages and $15,000 in punitive damages was not clearly erroneous. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 606 (6th Cir.1988); Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1198 (6th Cir.1988).
 
 
 8
 The plaintiffs argue on appeal that they suffered humiliation and embarrassment. The district court weighed the credibility of their testimony in this respect and determined that nominal damages were appropriate. The plaintiffs failed in their evidentiary proof to show that they indeed suffered mental anguish as a result of the defendants' discrimination. The plaintiffs' simple statements regarding humiliation and embarrassment (i.e., that they felt badly when they did not get the house) amounts to little more than conclusory assertions as to how they felt. The district court specifically requested of the plaintiffs some guidance on the issue of damages, but to no avail. In the absence of any additional proof of damages, the district court's findings that the plaintiffs suffered only the damages related to searching for another house were not clearly erroneous. The award of $5,000 in compensatory damages was proper.
 
 
 9
 Regarding punitive damages, the district court found that the actions of defendant Dorris were intentional discrimination and racial steering, and that Chandler Sales, Inc., was callously indifferent to and participated in a racial steering, as the basis for the $15,000 punitive damages award. Because the plaintiffs failed to submit any proof of mental anguish, the $15,000 punitive damages award was not clearly erroneous.
 
 
 10
 Finally, the plaintiffs have presented no argument or evidence to indicate that the district court abused its discretion by declining to award any relief other than the compensatory and punitive damages award. See Heights Community Congress, 774 F.2d at 144.
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation